IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-145-D
No. 5:17-CV-180-D

| | | |
|---|---|---|
| MAMADOU JALLOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 18, 2017, Mamadou Jallow ("petitioner" or "Jallow") file motions to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 40, 41]. Jallow also seeks appointment of counsel. Id. On June 1, 2017, the government responded in opposition [D.E. 46]. As explained below, the court denies Jallow's motion for appointment of counsel and dismisses Jallow's motions.

I.

On May 6, 2015, a grand jury returned a five-count indictment that charged Jallow with conspiring to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) (count one), access device fraud in violation of 18 U.S.C. §§ 1029(a)(1), (c)(1)(A)(i) and 2 (count two), possession of 15 or more counterfeit access devices in violation of 18 U.S.C. §§ 1029(a)(3), (c)(1)(A)(i) and 2 (count three), and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (counts four and five) [D.E. 1].

On November 30, 2015, pursuant to a written plea agreement, Jallow pleaded guilty to conspiracy to commit access device fraud (count one) and aggravated identity theft (count four) [D.E. 23, 24]. On April 21, 2016, the court sentenced Jallow to 36 months' imprisonment on count

one and a consecutive term of 24 months' imprisonment on count four, for a total term of 60 months' imprisonment [D.E. 36, 38]. The court also ordered that Jallow pay a special assessment of $200 and restitution of $382.23. Id. Jallow did not appeal his conviction or sentence. On April 18, 2017, Jallow filed a motion to vacate his sentence under 28 U.S.C. § 2255 and an amended motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 40, 41]. Jallow argues that he is actually innocent of violating 18 U.S.C. § 1028A in light of Flores-Figueroa v. United States, 556 U.S. 646 (2009). Specifically, Jallow argues that the government failed to show that Jallow knew he was using account information belonging to an actual person. See [D.E. 41].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302; see Iqbal, 556 U.S. at 677–78. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"To establish actual innocence, [a defendant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quotations omitted). When a defendant did not argue actual innocence on direct appeal, he may not do so in support of a section 2255 motion unless he can show by clear and convincing evidence that he is factually innocent of the offense for which he was convicted. See United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010). "[T]his standard is not satisfied by a showing that a [defendant] is legally, but not factually, innocent." Id.; see Bousley, 523 U.S. at 623 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

Jallow procedurally defaulted his actual innocence claim because he did not raise it on direct appeal. See Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley, 523 U.S. at 621; United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999). Jallow's procedural default can be excused only if he can show cause and prejudice or actual innocence. See Bousley, 523 U.S. at 622. Jallow relies on the actual innocence exception.

Count four of Jallow's indictment charges that he did "knowingly possess and use, without lawful authority, a means of identification of another person, to wit, an account number belonging to said other person." [D.E. 1] 5. Jallow stipulated in his plea agreement that he did "knowingly possess and use a means of identification of another person." Plea Agreement [D.E. 18] 6. During Jallow's Rule 11 proceeding, Jallow swore under oath that he understood the elements of the aggravated identity theft charge in count four of the indictment. See Rule 11 Hr'g Tr. [D.E. 45] 17–18. The court also read the aggravated identity theft charge in count four to Jallow in full and asked Jallow how he pleaded. See id. at 27–28. Jallow pleaded guilty and confirmed that he, in fact,

3

committed aggravated identity theft as set forth in count four. See id. The United States then provided a factual basis for the guilty plea to count four, which included that Jallow knew that the account information used in the fraud scheme in count four belonged "to an individual human being." Id. at 31.

A knowing and voluntary guilty plea "constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (quotation and citation omitted); see Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Parker, 176 F. App'x 358, 359 (4th Cir. 2006) (per curiam) (unpublished). Jallow entered such a knowing and voluntary plea. Moreover, the Presentence Investigation Report ("PSR") referenced the victim. See PSR [D.E. 30] ¶¶ 16, 26. Thus, the record demonstrates that Jallow's conduct falls within the scope of 18 U.S.C. § 1028A and comports with Flores-Figueroa. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); United States v. Dunkel, 685 F. App'x 234, 236 (4th Cir. 2017) (per curiam) (unpublished); United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005); Akesode v. United States, 677 F. Supp. 2d 703, 705 (S.D.N.Y. 2009).

Alternatively, Jallow's section 2255 motion is barred by the post-conviction waiver in his plea agreement. See, e.g., Lemaster, 403 F.3d at 222–23; United States v. Brown, 232 F.3d 399, 402–03 (4th Cir. 2000); Plea Agreement ¶ 2.c; Rule 11 Hr'g Tr. at 22–24. In opposition to this conclusion, Jallow cites United States v. Adams, 814 F.3d 178 (4th Cir. 2016). In Adams, the United States Court of Appeals for the Fourth Circuit held that if a petitioner makes a cognizable claim of actual innocence, such a claim falls outside the scope of an otherwise valid waiver. See id. at 182–83. As discussed, Jallow has not made a cognizable claim of actual innocence. Thus, Adams

4

does not help Jallow, and the post-conviction waiver in his plea agreement bars Jallow's section 2255 motion.

II.

In sum, the court DISMISSES petitioner's motions to vacate, and in the alternative DENIES, petitioner's motions to vacate, set aside, or correct his sentence [D.E. 40, 41]. The court DENIES petitioner's motion to appoint counsel [D.E. 40, 41]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 11 day of October 2018.

JAMES C. DEVER III
Chief United States District Judge